UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MURLIN R. PHILLIPS, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 1:03CV00159 ERW |
| | ) | |
| JON A. KISER, | ) | |
| WAYNE COUNTY PROSECUTOR, | ) | |
| Defendant(s). | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Relief From Judgment [doc. #66].

Plaintiff filed suit against Jon A. Kiser alleging that he violated Plaintiff's constitutional rights by his actions which allegedly resulted in Plaintiff being placed in solitary confinement. On June 26, 2007, this Court ruled that Plaintiff had failed to present evidence of a due process violation, and therefore Defendant was entitled to summary judgment. The Court entered judgment in favor of Defendant in accordance with its order. On June 23, 2008, Plaintiff filed the pending motion for relief from the judgment. Plaintiff seeks relief on the basis that this Court failed to consider pendent state court claims that were available to Plaintiff, and that the Court erroneously ruled in favor of Defendant on Plaintiff's due process claim.

Under Rule 60(b) of the federal rules provides for relief from a final judgment, order, or proceeding

> for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5)

1

the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The Court does not find any of the reasons articulated in the federal rules applicable to the case before the Court. First, the Court notes that all of the state law claims Plaintiff now argues could have been raised, were not included in Plaintiff's complaint, and no reason has been given why Plaintiff should be permitted to add these claims almost a year after judgment was entered. These claims are based on the same set of facts asserted in support of Plaintiff's § 1983 claim, and therefore had to be filed in conjunction therewith. Plaintiff's failure to do so does not entitle him to relief at this time.

The Court next addresses Plaintiff's continued assertion that Defendant acted in violation of his due process rights by acting to have Plaintiff placed in solitary confinement. Plaintiff has failed to provide the Court with any additional evidence that would change this Court's conclusion reached in its summary judgment order. The Court found that Plaintiff's due process rights were not violated as the Defendant did not order Plaintiff placed in solitary confinement, and in the alternative, that placing the Plaintiff in solitary confinement was necessary to maintain a controlled prison environment, and therefore was not punishment in violation of Plaintiff's due process rights as a pre-trial detainee. *See Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Judgment [doc. #66] is **DENIED**.

Dated this 21st Day of July, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE